UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE E. PETTY,<br><br>    Plaintiff,<br><br>v.<br><br>RADIOLOGY PARTNERS MANAGEMENT, LLC,<br><br>    Defendant. | Case No. 2:24-cv-02806-SB-KS<br><br>ORDER TO SHOW CAUSE RE ABSTENTION AND ORDER CONTINUING MANDATORY SCHEDULING CONFERENCE |

      Plaintiff Kyle E. Petty filed this wage-and-hour case as a putative class action in state court on March 4, 2024. Defendant Radiology Partners Management, LLC removed the matter on April 5, 2024, asserting subject-matter jurisdiction under the Class Action Fairness Act (CAFA). Dkt. No. 1.

      A federal district court has original jurisdiction under CAFA when (1) there are 100 or more members of the putative class, (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (3) minimal diversity is established. 28 U.S.C. § 1332(d)(2); *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant."). CAFA provides three alternatives for establishing minimum diversity, two of which Defendant cites in its notice of removal: diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant" and when "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(A), (B). Defendant claims that minimal diversity is satisfied here because Defendant—a limited liability company (LLC)—is a citizen of California and Delaware and at least one member of the proposed class is a citizen of a foreign country.

Accepting as true Defendant's assertions about the citizenship of the parties, it appears that the "home-state controversy" exception to CAFA applies. District courts "shall decline to exercise" CAFA jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (addressing the "home-state controversy" CAFA exception). Although the home-state exception is not jurisdictional and is instead treated as a "form of abstention," the Court may raise the issue sua sponte. *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020). Moreover, the plain text of the statute demands that the district court decline to exercise jurisdiction where the home-state exception is met. *See* 28 U.S.C. § 133d(d)(4) (stating that a "district court shall decline to exercise jurisdiction under [CAFA]" where the home-state controversy exception applies); *see also Serrano*, 478 F.3d at 1022 ("[Section] 1332(d)(4) sets out two circumstances that *require* district courts to decline jurisdiction . . . ."). Moreover, even when the threshold for mandatory abstention under the home-state controversy exception is not met, a district court may "decline to exercise jurisdiction" when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of" six enumerated factors. 28 U.S.C. § 1332(d)(3).

Here, the proposed class, "(the 'California Class')[,] consist[s] of 'all individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ('the Class Period'), and who have been employed as non-exempt hourly employees within the State of California." Dkt. No. 1 ¶ 3. To establish minimal diversity, Defendant states that it employed citizens of Mexico and of the Philippines that fall within this proposed class. *Id.* ¶ 14. But it is not clear from the notice of removal that at least one third of the proposed class (or 61 of the 183 proposed class members) are citizens of a foreign country or state other than California.

Accordingly, the parties are ordered to meet and confer promptly regarding whether the Court may or must abstain from exercising jurisdiction under § 1332(d)(3) or (4), respectively. Defendant shall disclose to Plaintiff any grounds on which it believes the Court may exercise its jurisdiction. Defendant is ORDERED to show cause, in writing, by no later than May 3, 2024, why this Court should not abstain from exercising jurisdiction and remand to state court. *Failure to timely comply will be deemed as consent to remand.* Plaintiff may also

file a brief addressing abstention no later than May 3, 2024.  The Court continues the mandatory scheduling conference from May 3 to May 10, 2024 at 8:30 a.m. The parties' joint Rule 26(f) report remains due today.


Date: April 23, 2024  _____
Stanley Blumenfeld, Jr.
United States District Judge